MINNIE MAY HOLT, RESPONDENT, v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY AND ERIE RAILROAD COMPANY, APPELLANTS.

Argued February 7, 1933—Decided April 27, 1933.

For the appellants, *Hobart & Minard* (*George S. Hobart* and *Ralph E. Cooper*, of counsel).

For the respondent, *Louis Santorf*.

The opinion of the court was delivered by

Lloyd, J. The plaintiff below was a passenger on a train of the New York, Susquehanna and Western Railroad Company, and on leaving the train at the Jersey City terminal she fell on the station platform and received injuries for which she brought the present action to recover damages.

There was a verdict and judgment in her favor and the defendants appeal.

The single ground urged for reversal is that there was no evidence of negligence on the part of the railroad to justify submission of the case to the jury, and that the learned trial judge should have controlled the case by direction of a verdict in favor of the defendants.

The proofs were that the accident happened about eight-thirty o'clock on the morning of January 30th, 1917. The plaintiff had come in to Jersey City on the train from Paterson and as she was passing across the platform to the station she fell over some ice and snow which had accumulated on the platform. The plaintiff's story was that it was ice covered with muddy, dirty snow, and the appellant urges that this was not sufficient in that it failed to establish that the defendant knew of its existence, or that it had been there a sufficient length of time to constitute an implied notice, and that reasonable opportunity had been afforded for its removal.

The difficulty with this contention is that the proof of a muddy, dirty condition of the snow and ice was supplemented by evidence that more than an inch of snow had fallen on January 27th and 28th and that this was followed by rain, but no further snow. From this the inference is obvious that the snow and ice must have been on the platform at least thirty-six hours before the accident, a time amply sufficient to justify a conclusion that reasonable time to effect its removal had intervened and that failure to remove constituted negligence.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.